UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, and THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

　　　　　　　　　Petitioners,

　　-against-

WALSINGHAM CONSTRUCTION INC.,

　　　　　　　　　Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/20/2020_

19 Civ. 9085 (AT)

**ORDER
AND JUDGMENT**

ANALISA TORRES, District Judge:

　　Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York (the "Funds"), and the New York City District Council of Carpenters (the "Union") (together with the Funds, the "Petitioners"), bring this petition under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm an arbitration award (the "Award") against Respondent, Walsingham Construction Inc. Petition, ECF No. 1. Respondent has not appeared in this action to oppose the petition. For the reasons stated below, the petition is GRANTED.

**BACKGROUND**

　　During the relevant time period, Respondent was a contractor that was bound by a collective bargaining agreement (the "CBA") that required it to remit contributions to the Funds. 56.1 Stmt. ¶¶ 5, 8–9, ECF No. 15; CBA Art. XVI, ECF No. 13-2. The CBA requires Respondent to make contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union. 56.1 Stmt. ¶ 9; CBA Art. XVI § 1. The CBA also requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. 56.1 Stmt. ¶ 10; CBA Art. XVI § 1. The CBA provides that in the event that a "dispute or disagreement arise[s] between the parties hereto . . . concerning any claim arising from payments to the Fund[s] of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator." 56.1 Stmt. ¶ 12; CBA Art. XVI § 12.

A dispute arose when an audit of Respondent's books and records covering March 30, 2016 through May 16, 2017, revealed that it failed to remit all required contributions to the Funds. 56.1 Stmt. ¶ 15. Petitioners initiated arbitration against Respondent for failure to make its required contributions. *Id.* ¶ 16. On July 15, 2019, the arbitrator held a hearing on the matter, and on July 18, 2019, issued the Award. *Id.* ¶ 17; Arbitrator Op. at 1, ECF No. 13-6. The arbitrator found that Respondent violated the CBA and ordered that Respondent pay the Funds the sum of $51,265.80, consisting of: (1) the principal deficiency of $28,244.94; (2) interest of $5,306.93; (3) liquidated damages of $5,648.99; (4) non-audit late payment interest of $1,509.53; (5) promotional funds of $152.16; (6) court costs of $400; (7) attorney's fees of $1,500; (7) the arbitrator's fee of $500; and (8) audit costs of $8,003.25. 56.1 Stmt. ¶ 18; Arbitrator Op. at 3. The arbitrator also ordered that interest of 7.5% accrue on the amount of the Award from the date of the issuance of the Award. 56.1 Stmt. ¶ 19; Arbitrator Op. at 3.

## DISCUSSION

I.    <u>Legal Standard</u>

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act ("FAA") provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it is vacates, modifies, or corrects the award as prescribed by §§ 10 and 11 of the FAA. 9 U.S.C. § 9; *accord Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040, 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016).

> Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."

*Finkel v. Pomalee Elec. Co., Inc.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (*Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 577 (2008) (alterations in original).

District courts have a "narrowly limited" role when reviewing arbitration awards. *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The FAA promotes great deference to arbitration panel determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation. *Id.* Thus, "there is no general requirement that arbitrators explain the reasons for their award, and [] an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citations omitted).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex*

2

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  Although Respondent has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

II.  Analysis

Petitioners argue that they are entitled to confirmation of the Award, pre and post-judgment interest on the Award, and attorney's fees and costs.  Petition at 8.  The Court agrees.

A.  Confirmation of the Award

Petitioners are entitled to confirmation of the Award.  Petitioners have carried their burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Award.  It is undisputed that Respondent failed to make the required contributions to the Funds in accordance with the terms of the CBA, and there is substantial evidence supporting that claim.  Arbitrator Op. at 1–3.  It is also clear that the CBA authorized Petitioners to pursue arbitration.  *See* CBA Art. XVI § 12.  The Award is not disputed, nor is there any evidence in the record suggesting that the Award is incorrect.  Accordingly, the Court confirms the Award.  Based on an annual interest rate of 7.5%, the total amount due to Petitioners is $55,142.34, the sum of the Award ($51,265.80), plus interest ($3,876.54).

B.  Post-judgment Interest

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."  *Trs. of the Local 7 Tile Indus. Welfare Fund v. Richard's Improvement Bldg. Inc.*, No. 15 Civ. 3898, 2016 WL 6110455, at *11 (E.D.N.Y. Aug. 1, 2016) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)).  Post-judgment interest is governed by the statutory rate in 28 U.S.C. § 1961, which states

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . .  Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.

28 U.S.C. § 1961.

Because the Court's confirmation of the Award is a money judgment in a civil case, Petitioners are entitled to post-judgment interest at the statutory rate.

3

    C. Attorney's Fees and Costs of Bringing this Petition

In addition to the attorney's fees and costs granted in the Award, Petitioners seek $3,415 in attorney's fees and $190 in costs associated with bringing this petition. 56.1 Stmt. ¶¶ 25–26. Although attorney's fees and costs are generally unavailable in an action brought under § 301 of the LMRA, "[a] court may . . . exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425, 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012). In the context of a petition to confirm an arbitration award, an award of attorney's fees and costs is permissible where "the party challenging the award has refused to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union, Local 228*, 118 F.3d 892, 898 (2d Cir. 1997) (internal quotation marks citation, and alterations omitted); *accord Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *4–5 (awarding attorney's fees and costs where respondent did not comply with an arbitration award or offer a justification for non-compliance). Here, Respondent has not satisfied the Award, nor offered any justification for its failure to do so. Petitioners are, therefore, entitled to an award of reasonable attorney's fees and costs.

Petitioners seek $3,415 in attorney's fees. 56.1 Stmt. ¶¶ 25–26. In order to support a request for attorney's fees, petitioners must submit "contemporaneous time records [that] specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Virginia & Ambinder, LLP ("V&A"), Petitioners' counsel, has submitted contemporaneous time records, which reflect 15.8 hours of work done to draft and file the petition and motion for summary judgment. 56.1 Stmt. ¶ 22; Billing Records, ECF No. 14-1. V&A bills $275 per hour for work done by "[p]artner" and "associate" attorneys, and $120 per hour for work done by legal assistants. 56.1 Stmt. ¶ 23. Other courts in this district have found similar rates to be reasonable for V&A attorneys and legal assistants. *See, e.g., Trs. of N.Y.C Dist. Council of Carpenters Pension Fund v. Baywood Concrete Corp.*, No. 17 Civ. 1800, 2017 WL 3207797, at *4 (S.D.N.Y. July 26, 2017) (collecting cases). Accordingly, the Court approves Petitioners' request for $3,415 in attorney's fees.

Petitioners also seek to recover $190 in costs, attributable to service and filing fees, in connection with this case. 56.1 Stmt. ¶ 26; *see also* Billing Records. "Recovery of such costs is routinely permitted." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). The Court, therefore, awards $190 to Petitioners for costs.

## CONCLUSION

For the reasons stated above, the petition to confirm the Award is GRANTED. The Clerk of Court is directed to enter judgment in the amount of $51,265.80, plus pre-judgment interest at a rate of 7.5% per annum accruing from July 18, 2019 through the date of this judgment, and post-judgment interest at the statutory rate. The Clerk of Court is further directed to terminate the motion at ECF No. 12, and close the case.

SO ORDERED.

Dated: July 20, 2020
       New York, New York

                                                 ANALISA TORRES
                                                United States District Judge